UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

ROBERT BONDICK,

    Plaintiff,

 v.

ST. VINCENT DE PAUL
SOCIETY OF LANE
COUNTY,

    Defendant.

Case No. 6:20-cv-00123-MK

**OPINION
AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

 *Pro se* Plaintiff initially filed this action in January 2020. *See* Comp., ECF No. 1. The Court dismissed Plaintiff's claims with leave to amend for failing to sufficiently allege subject matter jurisdiction. *See* ECF No. 8. Plaintiff filed an amended complaint in March 2020, which the Court dismissed again with leave to amend for failing to properly allege subject matter jurisdiction. *See* Pl.'s Amend. Compl., ECF No. 9; *see also* ECF No. 11. Currently before the Court is Defendant St. Vincent De Paul Society of Lane County's ("St. Vincent") motion to dismiss Plaintiff's second amended complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6). *See*

Page 1 – OPINION AND ORDER

Def.'s Mot. Dismiss, ECF No. 27. All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 31. For the reasons set forth below, Defendant's motion to dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

The following facts are taken from Plaintiff's SAC and are accepted as true for the purposes of the pending Motion to Dismiss. *See* SAC, ECF No. 26. Plaintiff is a resident of Eugene, Oregon. *Id.* at 4. On February 18, 2019, St. Vincent banned Plaintiff from one of their retail locations due to an allegation of "ejaculating in front of customers and employees in the St. Vincent De Paul store." *Id.* at 2. Plaintiff alleges St. Vincent "has singled out Plaintiff because any other falsely accused customer of a crime would normally be welcomed back in." *Id.* at 1. Plaintiff further alleges that he emailed St. Vincent's media coordinator "listed on their website in attempts to make a good faith effort to be allowed back in, but no response was submitted." *Id.* at 3. Plaintiff seeks the following forms of relief: (1) a judgment "declaring that Defendants discriminated against the Plaintiff violating his equal opportunity rights under the U.S. Constitution" and "vindicating the charge from one of unfounded to a false allegation in part to make [P]laintiff whole"; (2) injunctive relief "vacating the determination of Defendant's malicious act to refuse service" and "reinstating the [P]laintiff to shop at [St. Vincent] stores again"; and (3) monetary relief "incurred here in the grand total of $78,480.00." *Id.* at 3–4.

## STANDARD OF REVIEW

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the action must be dismissed. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). In determining the sufficiency of a *pro se* complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see also*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that assessing whether a complaint fails to plead a claim, the court must accept all factual allegations as true); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (holding that allegations of material fact are taken as true and construed in the light most favorable to plaintiff).

Nonetheless, a complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atlantic Corp.*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). However,

> [w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level….

*Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Moreover, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (citations and internal quotations omitted).

*Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That is, the court should construe pleadings by

Page 3 – OPINION AND ORDER

*pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

### I. Prior Orders

In its two previous Orders, the Court reviewed Plaintiff's claims under 42 U.S.C. § 1983 which "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted); ECF Nos. 5, 11. In those Orders, the Court analyzed Plaintiff's claims in the context of § 1983 and required Plaintiff to explain how St. Vincent acted under the color of law. After further review, the Court acknowledges this analysis was incorrect. The more appropriate course would have been to analyze Plaintiff's claims to ensure they were sufficient to state a federal cause of action, and whether those claims meet the minimum requirement to invoke the Court's subject matter jurisdiction.

Plaintiff has insufficiently made such allegations. Plaintiff alleges the following facts, which are nearly identical to those alleged in both his amended and original complaints except for the addition of the underlined portion:

<u>4. St. Vinnie's Retail Store is a business with the capacity to sue and be sued.</u>

5. On February 18th 2019 the defense banned the plaintiff from the store for an unfounded allegation of ejaculating in front of customers and employees in the St. Vincent De Paul store. The Eugene Police department was called and given a picture of the Plaintiff and less than a half a block away from tire alleged incident plaintiff was located, arrested and hand cuffed then released directly after. Upon release the officer said Plaintiff may file a false police report and that he was not allowed in the store and included another store as the officers attempted to find the alleged suspect, they inquired with DEFY managers at 85

>Division Ave., Eugene Oregon 97404 as the police report states and told to inform the plaintiff he is not to come on our property again either.
>
>6. On August 30, 2019 plaintiff sent an email to the St. V. Media Coordinator listed on their web site in attempts to make a good faith effort to be allowed back in, but no response was submitted.

*Compare* SAC 2–3, ECF No. 26 *with* Amend. Compl. 3–4, ECF No. 9.

Liberally construing the Complaint, the Court cannot determine whether Plaintiff has alleged a cognizable claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (federal courts shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted). The Plaintiff fails to allege facts minimally sufficient to demonstrate entitlement to relief based on any cause of action over which this Court has jurisdiction. The Court cannot determine what federal claims and under which statutes or constitutional provisions the Plaintiff seeks relief.

### A. Leave to Amend

While this Court has granted Plaintiff two opportunities to cure the deficiencies in his complaints, the Court also recognizes its own role in misconstruing Plaintiff's complaints and how it may have led to confusion on how to survive a FRCP 12(b)(6) Motion to Dismiss.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court has discretion whether to allow amendment. *Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector (In re Tracht Gut, LLC)*, 836 F.3d 1146, 1151 (9th Cir. 2016) ("'[T]he grant or denial of an opportunity to amend is within the discretion of the District Court.'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court will therefore permit Plaintiff leave to file a third amended complaint to cure, if possible, the deficiencies outlined above. The Court also reminds Plaintiff that, should he elect to lodge a third amended complaint,

he must reallege each of his claims, including the specific facts underlying each claim, and that he "may not incorporate any part of [his] prior pleading[s] by reference." LR 15-1(c).

## II.     Defendant's Request for Costs

The Court notes that Defendant's Motion to Dismiss also includes a request "for costs associated with this action." *See* Def.'s Mot. Dismiss at 6, ECF No. 27. "Unless a federal statute, these rules, or a court otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Because Defendant has not prevailed in its Motion to Dismiss with prejudice, Defendant's request is moot at this time.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 27) is GRANTED in part and DENIED in part. Plaintiff has thirty (30) days from the date of this Order to file a third amended complaint to attempt to cure the deficiencies outlined above.

DATED this 18th day of February 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge