UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT BONDICK, | Case No. 6:20-cv-00123-MK |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| ST. VINCENT DE PAUL SOCIETY OF LANE COUNTY, | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

*Pro se* Plaintiff Robert Bondick filed this lawsuit in January 2020 against Defendant St. Vincent De Paul Society of Lane County. *See* ECF No. 1. Currently before the Court is Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 37) and Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 45). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 31. For the reasons that follow, Defendant's motion GRANTED IN PART; Plaintiff's motion is DENIED.

## BACKGROUND

As noted, Plaintiff filed this action in January 2020. *See* Compl., ECF No. 1. However, the Court dismissed Plaintiff's initial Complaint with leave to amend at the screening stage. *See* ECF No. 5. Plaintiff subsequently filed an Amended Complaint in March 2020, which the Court again dismissed for failing to properly allege subject matter jurisdiction with leave to amend. *See* Pl.'s Amend. Compl., ECF No. 9; *see also* April 17, 2020 Order, ECF No. 11 ("April 2020 Order"). Plaintiff filed a Second Amended Complaint, which was again dismissed because the Court could not "determine what federal claims and under which statutes or constitutional provisions" Plaintiff sought relief. February 18, 2021 Op. & Order at 5, ECF No. 33 ("Feb. 2021 Order"). However, because the Court's prior Orders mistakenly limited their inquiries to "Plaintiff's claims in the context of § 1983" rather than analyzing whether Plaintiff sufficiently "state[d] a federal cause of action, and whether those claims [met] the minimum requirements to invoke the Court's subject matter jurisdiction," the Court permitted Plaintiff leave to file a Third Amended Complaint ("TAC"). *Id.* at 4–6., ECF No. 33.

Plaintiff filed the TAC in early March 2021, in which he alleged jurisdiction was proper under 28 U.S.C. § 1331, and the Fifth Amendment to the United States Constitution. TAC at 1, ECF No. 34. As a factual basis for his claim, Plaintiff alleged the following:

> Plaintiff and Defendant both reside in The State of Oregon. Defendant [has] filed a police report against Plaintiff for an allegation of sexual assault against a customer of their store and told the police, Plaintiff will be trespassed if found on the property again.
>
> \*\*\*
>
> Pleader is entitled to relief for at present the matter is civil in nature not criminal. Plaintiffs' Fifth Amendment of liberty, liberty to choose where and continue to shop like every other law abiding United States Citizen has been taken away. When the police found

> the claim's of ejaculating on to a customer false and the store declared Plaintiff unfit for their establishment and trespassed for what plaintiff and police both allege false, is a violation of the Due Process law. As such plaintiff brings the case to this court for full rectification under the light of Due Process.

*Id.* at 1–2. Plaintiff seeks actual, compensatory, and punitive damages in the amount of $78,480.01. *Id.* at 2.

## DISCUSSION

### I. Motion to Dismiss

#### A. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). Courts must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

A motion to dismiss under Rule 12(b)(6) for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party.

*Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

  *Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

  **B.**  **Analysis**

  Defendant does not specifically articulate whether the genesis of their Rule 12 motion stems from Rule 12(b)(1), for a lack of subject matter jurisdiction, or 12(b)(6), for failure to state a claim upon which relief can be granted. Instead, they broadly argue that the Court's prior rulings dismissed Plaintiff's complaints for "failing to state claims and facts sufficient to allege subject matter jurisdiction." Def.'s Mot. Dismiss 4–6, ECF No. 37. Significantly, Defendant arguments fail to account for the Court's express acknowledgement that its prior rulings erroneously cabined their inquiries only to assessing Plaintiff's claims under 42 U.S.C. § 1983.

*See* Feb. 2021 Order. Although the TAC fails to allege a cognizable claim under the Fifth Amendment, the Court finds dismissal with prejudice inappropriate here.[1]

Although difficult to decipher, the crux of Plaintiff's claim centers on Defendant barring Plaintiff from entering their retail stores. Congress passed Title II of the Civil Rights Act of 1964, in part, to address discrimination in places of public accommodation. As relevant here, the Act provides:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the grounds of race, color, religion, or national origin.

42 U.S.C. § 2000a.

To establish a claim under 42 U.S.C. § 2000a, a plaintiff must show that the defendant's establishment: (1) affects commerce; (2) is a place of public accommodation; and (3) that the defendant denied the plaintiff full and equal enjoyment of the defendant's goods and services on the basis of race, color, religion, or national origin. *See id.*; *see also Dawes v. Motel 6 Operating L.P.*, 2006 WL 276928, at *7 (E.D. Wash. Jan. 31, 2006); *United States v. DeRosier*, 473 F.2d 749 (5th Cir. 1973); *Wooten v. Moore*, 400 F.2d, 239, 241 (4th Cir. 1968).

Here, the TAC fails to allege all three necessary elements. Assuming Plaintiff could establish that Defendant's retail stores both affect commerce and were places of public accommodation as defined by statute, Plaintiff has failed to sufficiently allege the third element. Specifically, Plaintiff has not alleged that Defendant denied him access to goods or services on

---

[1] Defendant's contention that Plaintiff's claim is limited solely to the Fifth Amendment ignores (1) Plaintiff's express invocation of Federal Question jurisdiction and (2) this Court's obligation to construe *pro se* pleadings "liberally and afford [] plaintiffs the benefit of any doubt." *Karim-Panahi*, 839 F.2d at 623.

the basis of a protected characteristic such as race, color, religion, or national origin—as opposed to some other legally permissible reason. As such, as currently plead, the TAC must be dismissed.

### C. Leave to Amend

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court has discretion whether to allow amendment. *Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector*, 836 F.3d 1146, 1151 (9th Cir. 2016) ("'[T]he grant or denial of an opportunity to amend is within the discretion of the District Court.'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court will permit Plaintiff leave to file a Fourth Amended Complaint to cure, if possible, the deficiencies outlined above. The Court also reminds Plaintiff that, should he elect to lodge an amended complaint, he must reallege each of his claims, including the specific facts underlying each claim, and that he "may not incorporate any part of [his] prior pleading[s] by reference." LR 15-1(c).

## II. Pro Bono Appointment

### A. Standard

Generally, there is no constitutional right to counsel in a civil case and a court may not "authorize the appointment of counsel to involuntary service." *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). A district court, however, may request an attorney to represent any person unable to afford counsel in limited circumstances. 28 U.S.C. § 1915(e)(1). The decision to appoint counsel is "within the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quotation marks and citation omitted). A finding of exceptional circumstances depends on two factors: the plaintiff's likelihood of success on the merits, and the plaintiff's

ability to articulate his or her claims in light of the complexity of the legal issues involved. *Id.* Neither factor is dispositive and both must be viewed together before ruling on a request for counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

**B.    Analysis**

The Court finds exceptional circumstances do not exist sufficient to justify appointment of counsel at this time. *See Agyeman*, 390 F.3d at 1103. First, given the deficiencies outlined above in the TAC, the Court is unable to ascertain Plaintiff's likelihood of success on the merits. Second, it appears Plaintiff has the ability to articulate his claims with sufficient precision in light of the legal issues involved. Appointment of pro bono counsel is therefore not appropriate at this time. Plaintiff is advised to review the District of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," that is available to the public at https://ord.uscourts.gov/index.php/2015-02-10-16-10-22/information-about-representing-yourself.

## CONCLUSION

For the reasons above, Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 37) is GRANTED IN PART. The Third Amended Complaint is DISMISSED without prejudice; Plaintiff has thirty (30) days from the entry of this order to file a Fourth Amended Complaint. Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 45) is DENIED without prejudice.

DATED this 12th day of August 2021.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge